FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -31 P 4: 37

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROY DICKERSON #174475          CIVIL ACTION

versus          NO. 05-3759

N. BURL CAIN, WARDEN          SECTION: "R" (1)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Petitioner, Roy Dickerson, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On September 15, 1999, he was convicted of aggravated arson in violation of La.Rev.Stat.Ann. § 14:51.[2] On October 6, 1999, he was found to be a third offender,[3] and, on October 12, 1999, he was sentenced as such to a term of life imprisonment, without benefit of parole, probation, or suspension of sentence, with credit for time served.[4] On October 31, 2000, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence.[5] He then filed with the Louisiana Supreme Court an untimely application for supervisory and/or remedial writs which was denied on August 31, 2001.[6]

On July 22, 2002, petitioner filed with the state district court an application for post-conviction relief, along with a motion to compel answer and a petition for a writ of *habeas corpus*,[7] all of which were denied on November 6, 2002.[8] He next filed with the Louisiana Fifth Circuit Court

---

[2] State Rec., Vol. IV of V, transcript of September 15, 1999, p. 53; State Rec., Vol. I of V, minute entry dated September 15, 1999; State Rec., Vol. I of V, jury verdict form.

[3] State Rec., Vol. IV of V, transcript of October 6, 1999, p. 15; State Rec., Vol. I of V, minute entry dated October 6, 1999.

[4] State Rec., Vol. IV of V, transcript of October 12, 1999, p. 12; State Rec., Vol. I of V, minute entry dated October 12, 1999.

[5] State v. Dickerson, 772 So.2d 845 (La. App. 5th Cir. 2000) (No. 00-KA-951); State Rec., Vol. I of V.

[6] State *ex rel.* Dickerson v. State, 795 So.2d 1209 (La. 2001) (No. 2000-KH-3515); State Rec., Vol. I of V.

[7] State Rec., Vol. II of V.

[8] State Rec., Vol. I of V, Order dated November 6, 2002.

of Appeal an application for a supervisory writ which was denied on December 17, 2002.[9] He then filed with the Louisiana Supreme Court related writ applications[10] which were denied on February 20, 2004,[11] and April 29, 2005.[12]

On August 4, 2005, petitioner filed this federal application for *habeas corpus* relief.[13] In support of his application, petitioner claims:

1. Petitioner received ineffective assistance of counsel;

2. Petitioner was wrongly found to be a habitual offender;

3. The cumulation of errors rendered petitioner's trial fundamentally unfair; and

4. The trial court erred in admitting evidence of another crime.

The state argues that petitioner's federal application is untimely.[14] For the following reasons, this Court agrees.

---

[9] State *ex rel.* Dickerson v. Cain, No. 02-KH-1235 (La. App. 5th Cir. Dec. 17, 2002) (unpublished); State Rec., Vol. II of V.

[10] State Rec., Vol. V of V.

[11] State *ex rel.* Dickerson v. State, 866 So.2d 826 (La. 2004) (No. 2003-KH-0344); State Rec., Vol. II of V.

[12] State *ex rel.* Dickerson v. State, 901 So.2d 1061 (La. 2005) (No. 2004-KH-1737); State Rec., Vol. II of V.

[13] Rec. Doc. 1.

[14] Rec. Doc. 8, pp. 10-14.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."[15] Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

Based on those provisions, the state argues that petitioner's conviction became final for AEDPA purposes upon the expiration of his period for seeking timely review of the Louisiana Fifth Circuit Court of Appeal's judgment affirming his conviction and sentence. The Court finds that the state is correct.

Louisiana Supreme Court Rule X, § 5(a) provides: "An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...." In the instant case, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence on October 31, 2000,[16] and notice of that judgment was mailed that same day.[17] Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A) and Louisiana Supreme Court Rule X, § 5(a), petitioner's conviction and sentence became final for AEDPA purposes thirty days later, unless he filed a writ application with the Louisiana Supreme Court on or before that date. Because he did not file a writ application by that

---

[15] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

[16] State v. Dickerson, 772 So.2d 845 (La. App. 5th Cir. 2000) (No. 00-KA-951); State Rec., Vol. I of V.

[17] State Rec., Vol. IV of V, certificate of mailing.

deadline, his conviction and sentence became final for AEDPA purposes and his one-year federal statute of limitations commenced on November 30, 2000.

The Court notes for the record that petitioner did subsequently file a Louisiana Supreme Court writ application. However, Louisiana Supreme Court Rule X, § 5(a) expressly *prohibits* any extension of the thirty-day writ application deadline and provides for *no* exceptions. Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 1999). Because the record reflects that petitioner's writ application clearly could not have been received for filing by that court by the November 30 deadline,[18] that untimely writ application does not affect the finality date of petitioner's conviction. Moreover, the United States Fifth Circuit Court of Appeals has made it clear that once the federal statute of limitations has validly commenced, it cannot be "restarted" by collateral state court action.[19]

---

[18] The record reflects that the writ application was mailed to the Louisiana Supreme Court in an envelope metered on December 8, 2000. State Rec., Vol. I of V, letter to petitioner from John Tarlton Olivier, Clerk of Court, dated December 27, 2000. Moreover, the cover letter signed and mailed with the writ application was dated December 1, 2000. State Rec., Vol. V of V. In that both of those dates fell after the deadline, the writ application clearly could not have been received for filing on or before the deadline.

Additionally, the Court notes that it is irrelevant for statutory tolling purposes when a prisoner gave an intended filing to prison officials for mailing. The United States Fifth Circuit Court of Appeals has expressly prohibited the application of a state "mailbox rule" to state post-conviction filings in statutory tolling calculations. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999); see also Richardson v. Dretke, 85 Fed Appx. 394, 395 (5th Cir. 2004); Kestler v. Cockrell, 73 Fed. Appx. 690, 691 (5th Cir. 2003). In any event, the "mailbox rule" would not aid petitioner in this case, in that, as noted, the cover letter was dated December 1, and, therefore, the writ application packet had to be given to prison officials for mailing on or after that date.

[19] The Fifth Circuit held:

On its face, AEDPA provides for only a linear limitations period, one that starts and

For the foregoing reasons, the Court finds that the one-year period that petitioner had to file his application for federal *habeas corpus* relief commenced on November 30, 2000, and expired on November 30, 2001, unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). However, petitioner's had no state applications pending during that period which would entitle him to statutory tolling.

While the Louisiana Supreme Court writ in case number 2000-KH-3515 was pending during that period, it was, as previously noted, untimely filed. Accordingly, it cannot be considered to have been "properly filed" so as to trigger § 2244(d)(2) tolling. The United States Supreme Court has recently made clear that a petitioner is entitled to no tolling credit whatsoever for an untimely filing. Pace v. DiGuglielmo, ___ U.S. ___, ___, 125 S.Ct. 1807, 1812-14 (2005). Accordingly,

---

ends on specific dates, with only the possibility that tolling will expand the period in between. See § 2244(d)(1), (2). So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. See § 2244(d)(2).

Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir.), cert. denied, 541 U.S. 1032 (2004).

petitioner is not entitled to any statutory tolling credit for his untimely Louisiana Supreme Court writ application.[20]

The only other state court filing pending during that period was an application for a writ of mandamus petitioner filed with the state district court on May 3, 2001.[21] In that application, petitioner sought copies of transcripts. However, an application for transcripts and other documents cannot fairly be considered an application for state post-conviction relief or other collateral review for tolling purposes because it is preliminary in nature and does not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001). Additionally, the United States Fifth Circuit Court of Appeal has held that an application for a writ of mandamus does not qualify for tolling credit because it is not an application for state post-conviction relief or other collateral review. Moore v. Cain, 298 F.3d 361 (5th Cir. 2002).[22]

---

[20] Moreover, the Court notes that petitioner's federal application would be untimely even if he were given § 2244(d)(2) tolling credit for the untimely writ application. For example, even after that writ application was denied, well over a year ran untolled before he filed his federal application. After the Louisiana Supreme Court denied the untimely writ application on August 31, 2001, petitioner allowed three hundred twenty-four (324) days to run untolled before he filed his state post-conviction application on July 22, 2002. Additionally, when those post-conviction proceedings finally concluded on April 29, 2005, he allowed another ninety-six (96) days to run untolled before he filed his federal application on August 4, 2005.

[21] State Rec., Vol. I of V.

[22] In any event, the application was denied seven days later, on May 10, 2001. State Rec., Vol. I of V, Order dated May 10, 2001. Accordingly, the timeliness of petitioner's federal application

Accordingly, because neither the untimely writ application nor the application for transcripts would entitle petitioner to statutory tolling, and because he had no other state applications pending during the applicable period, he cannot be given tolling credit under § 2244(d)(2).[23]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before November 30, 2001, in order to be

---

would not be affected even if he were given tolling credit for the filing.

[23] The Court notes that petitioner filed a post-conviction application with the state district court on July 22, 2002. However, because that application was filed after the expiration of the AEDPA's one-year statute of limitations, the application and the related appellate court proceedings have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

timely. Petitioner's federal application was not filed until August 4, 2005,[24] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Roy Dickerson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of January, 2006.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[24] Petitioner signed the supporting memorandum accompanying his federal *habeas corpus* application on August 4, 2005. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).